COMMONWEALTH of Pennsylvania, Appellee,

v.

Albert DAVIS, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 28, 2005.

Filed Feb. 24, 2006.

Suzanne M. Swan, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Amy E. Constantine, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: MUSMANNO, KLEIN and JOHNSON, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Albert Davis ("Davis") appeals, *nunc pro tunc*, from the judgment of sentence imposed following his conviction of murder in the first degree. We affirm.

¶ 2 On April 29, 1999, a jury convicted Davis of first degree murder, criminal conspiracy and a violation of the Uniform Firearms Act.[1] The trial court sentenced Davis on the same day to a life prison term. Davis filed an untimely *pro se* Notice of appeal on June 29, 1999. Thereafter, Davis filed a *pro se* Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] The PCRA court subsequently appointed counsel to represent Davis in the post-conviction proceedings. Davis filed an Amended PCRA Petition on August 20, 2004. Davis's Amended PCRA Petition sought to reinstate his direct appeal rights and also raised two claims of ineffective assistance of trial counsel. The PCRA court reinstated Davis's direct appeal rights, *nunc pro tunc*, on October 6, 2004, but did not address Davis's remaining claims. Thereafter, Davis filed this timely Notice of appeal, in which he raises the following two issues:

1. Did the PCRA court err when it failed to conduct an evidentiary hearing concerning [Davis's] ineffective assistance of counsel claims after it reinstated his appellate rights *nunc pro tunc* since the record regarding trial counsel's motives for eliciting defense-damaging testimony was incomplete, and therefore, not reviewable on direct appeal?

2. Was trial counsel ineffective for eliciting from the Commonwealth's witnesses on cross examination prejudicial testimony that indicated that [Davis] was a suspect in other crimes, by creating an inference that [Davis] was a member of a street gang, and by failing to request a cautionary instruction once the testimony had been made part of the record, where [Davis's] involvement in other crimes, and his alleged membership in a street gang was not relevant to the determination of guilt or innocence at trial?

*Per Curiam* Order of the Superior Court, 9/15/05 (permitting supplemental filing of Statement of Questions Presented after Davis omitted such questions from his appellate brief).

¶ 3 On direct appeal, *nunc pro tunc*, Davis raises a claim that the PCRA court erred in failing to conduct an evidentiary hearing, as well as two claims of ineffective assistance of trial counsel. At the heart of

---

1. 42 Pa.C.S.A. §§ 2501, 903, 6106.

2. 42 Pa.C.S.A. §§ 9541–9546.

Davis's appeal lies the issue of whether this Court can reach his claims of ineffective assistance and what remedy is available where the PCRA court reinstates direct appeal rights, *nunc pro tunc,* but does not develop an evidentiary record concerning other claims of ineffective assistance of counsel. Both ineffectiveness claims were raised in Davis's PCRA Petition, pursuant to which his direct appeal rights were reinstated *nunc pro tunc.* However, the PCRA court did not conduct an evidentiary hearing on Davis's two ineffectiveness claims or develop an evidentiary record on these claims after reinstating Davis's direct appeal rights.

¶ 4 In *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), the Pennsylvania Supreme Court stated that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. Underlying this rule is the Supreme Court's observation that "time is necessary for a petitioner to discover and fully develop claims related to trial counsel ineffectiveness." *Id.* at 737–38. Thus, "the record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims[.]" *Id.* at 737. Because appellate courts do not normally consider issues that were not raised and developed in the court below, the *Grant* court reasoned that "deferring review of trial counsel ineffectiveness claims until the collateral review stage of the proceedings offers a petitioner the best avenue to effect his Sixth Amendment right to counsel." *Id.* at 738.

¶ 5 In *Grant,* however, the Supreme Court acknowledged that under limited circumstances, the Court could create exceptions and review certain claims of ineffectiveness on direct appeal. *Grant,* 813 A.2d at 738 n. 14. In *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831, 853 (2003), the Pennsylvania Supreme Court held that the rule announced in *Grant* did not apply where the trial court conducted an evidentiary hearing and addressed the ineffectiveness claims in its opinion. The Supreme Court later clarified this exception, stating that, for ineffectiveness issues to be addressed on direct appeal, there must be a record developed that is "devoted solely to the ineffectiveness claims." *Commonwealth v. Davido,* 582 Pa. 52, 868 A.2d 431, 441 n. 16 (2005).

¶ 6 On appeal, Davis acknowledges that his ineffectiveness claims have not been fully developed so as to permit appellate review of these issues on direct appeal because an evidentiary hearing was not conducted by the PCRA court. Brief for Appellant at 16. Consequently, Davis urges this Court to "remand" this case to the PCRA Court for an evidentiary hearing so that a record can be made upon which this Court can decide Davis's claims of ineffective assistance of trial counsel. Brief for Appellant at 27. Davis bases his argument on this Court's decision in *Commonwealth v. Miller,* 868 A.2d 578 (Pa.Super.2005). However, the instant case presents a procedural dilemma not present in *Miller* and is, thus, distinguishable from *Miller.*

¶ 7 In *Miller,* the PCRA court reinstated Miller's direct appeal rights, *nunc pro tunc,* but denied his claims of ineffective assistance of trial counsel, which were raised in Miller's PCRA petition. Miller filed an appeal of the portion of the PCRA court's order denying his claims of ineffective assistance of counsel. A panel of this Court held that the PCRA court erred in entering an order concerning the merits of Miller's ineffectiveness claims.

¶ 8 The *Miller* Court stated that where "a PCRA court grants a request for reinstatement of [ ] direct appeal rights *nunc pro tunc,* it may address, but not 'reach'

**154**

the merits of any remaining claims." *Id.* at 580. The *Miller* Court explained this distinction to mean that the PCRA court, after concluding that reinstatement of direct appeal rights was appropriate, should hold a hearing concerning any remaining claims and issue an advisory opinion concerning those claims. *Id.* at 580–81. On direct appeal, this Court would then be able to reach the ineffective assistance claims pursuant to the *Bomar* exception to the *Grant* rule. *Miller,* 868 A.2d at 581. Consequently, the *Miller* Court treated the appeal as a direct appeal from the judgment of sentence and reached the merits of the ineffectiveness claim based upon the evidentiary record developed by the PCRA court.

¶ 9 Given the procedural posture of the instant case, we are unable to follow the procedure that this Court discussed in *Miller.* In this case, Davis is before this Court on direct appeal, *nunc pro tunc,* from his judgment of sentence. However, the PCRA court in the instant case did not, as in *Miller,* conduct an evidentiary hearing on Davis's ineffectiveness claims. Because this Court now reviews this case on direct appeal, as opposed to an appeal from the PCRA court Order, we cannot remand this case to the PCRA court to hold an evidentiary hearing.

¶ 10 Moreover, we note that the procedure set forth in *Miller* is not mandatory. The *Miller* Court stated that where "a PCRA court grants a request for reinstatement of [ ] direct appeal rights *nunc pro tunc,* it *may* address, but not 'reach' the merits of any remaining claims." *Miller,* 868 A.2d at 580 (emphasis added). The *Miller* Court also stated that the PCRA court "should follow" this procedure when faced with a request to reinstate direct appeal rights and claims of ineffective assistance. *Id.* Generally, a discretionary interpretation is conferred upon

the words "may" and "should," whereas a mandatory interpretation is usually conferred upon the word "shall." Accordingly, we cannot conclude that the *Miller* Court imposed a mandatory procedure upon the PCRA court.

¶ 11 Consequently, we are constrained to apply our Supreme Court's holding in *Grant* and dismiss Davis's ineffectiveness claims without prejudice for him to raise them, as well as any other claims of ineffective assistance of counsel, in a postconviction petition.

¶ 12 Judgment of sentence affirmed.

¶ 13 JOHNSON, J., concurs in the result.