**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Shawn JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2008.

Filed Oct. 31, 2008.

Jeffrey A. Rowe, Philadelphia, for appellant.

Hugh S. Rebert, Asst. Dist. Atty., and Karen E. Comery, Asst. Dist. Atty., for Com., appellee.

BEFORE: ALLEN, CLELAND and FITZGERALD,* JJ.

OPINION BY ALLEN, J.:

¶ 1 Shawn Jones ("Appellant") appeals from the order of the PCRA court denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa. C.S.A. §§ 9541–9546. We remand with instructions.

¶ 2 Appellant was convicted of aggravated assault following a bench trial held December 18, 2006. The conviction was the result of Appellant punching a fellow bar patron, and thereby causing severe injury. That same day, Appellant entered a negotiated plea to an unrelated drug charge and was sentenced, in accordance with the agreement, and as to both convictions, to an aggregate term of three and one-half to seven years' imprisonment. Appellant neither filed a post-sentence motion nor a direct appeal to this Court.

¶ 3 On October 9, 2007, Appellant filed a pro se PCRA petition and counsel was appointed to represent him. Within this petition, he claimed that he was entitled to have his direct appeal rights reinstated. At an evidentiary hearing held January 23, 2008, the trial court advised Appellant that he could either have his appellate rights reinstated or he could proceed on his ineffectiveness claims. After consultation with counsel, Appellant chose to present his ineffectiveness claims. Trial counsel then testified and addressed Appellant's claims. The hearing was continued until February 8, 2008, at which time Appellant testified in support of his ineffectiveness claims. On that date, the PCRA court placed on the record its conclusions explaining why Ap-

pellant's claims were without merit and entered an order dismissing his PCRA petition. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P.1925.

¶ 4 Appellant raises the following issue on appeal:

I. WHETHER THE [PCRA] COURT ERRED IN RULING THAT APPELLANT COULD NOT SEEK ALTERNATIVE REMEDIES IN THE SAME [PCRA] PETITION, WHICH RESULTED IN APPELLANT FOREGOING HIS CLAIMS THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE APPELLANT OF THE TIME LIMITATIONS ASSOCIATED WITH FILING AN APPEAL?

Appellant's Brief at 5.

¶ 5 This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 6 At the beginning of the January 23, 2008 evidentiary hearing in this case, the following exchange occurred between the court, Appellant and his counsel:

THE COURT: I have discussed with counsel the fact that there are two requests in the present PCRA petition.

One is to have direct appeal rights reinstated, no direct appeal having been filed, and the second portion would be to

---

* Former Justice specially assigned to Superior Court.

actually proceed with the PCRA hearing, and request a new trial be granted.

I advised counsel that, procedurally, the two are not compatible. If we proceed with the Request to Reinstate Direct Appeal Rights, and that were to be granted, that would then make the conviction no longer final, and [Appellant] would be required to proceed with the direct appeal without the opportunity to proceed with the rest of the PCRA issues, because you can't proceed with PCRA issues until the conviction is final.

So if he elects to continue with the request for direct appeal rights to be reinstated, then he automatically puts on hold the rest of his claims, and he would not lose them, but he could not proceed on them until after he then took his direct appeal, assuming the appeal was successful, of course, he would never have to worry about the PCRA issues, and if he loses the appeal, he would then be permitted to file the rest of his PCRA issues, and they would be heard in the same manner as they were scheduled to be heard today.

If the Court would determine that his direct appeal rights are not to be reinstated, then we would proceed with the rest of the PCRA issues. So, he has options. He can say, I want to proceed with the request for direct appeal rights to be reinstated, understanding that he then puts on hold the rest of his PCRA issues, or he can say, I prefer to proceed with my PCRA issues now, in which case I give up the direct appeal rights, knowing that by giving them up, they're given up with prejudice, that he can't come back later and appeal.

[DEFENSE COUNSEL]: Your Honor, I have discussed this with [Appellant] in the manner that you had just explained it, and he has expressed to me his desire at this time to withdraw his Request for Reinstatement of his Appeal Rights and proceed on his request for a new trial.

THE COURT: And you do that with knowledge that your counsel at least believed that you had a very good appeal issue, and, in fact, the whole trial strategy was based on preserving that issue, and that there is some case law which would indicate you would be successful on such an issue, depending on how it was viewed, so you would be giving up a very significant right, one where you had some likelihood of success in saying you just want a new trial instead.

[APPELLANT]: A new trial, yeah, it was the ineffectiveness of my lawyer. Basically, I don't think he did a good enough job. The outcome of the trial could have been different if he would have—

THE COURT: But you understand that you still have the opportunity to say that your lawyer was ineffective, even if you pursue an appeal?

You simply put it on hold for the time being to allow the appeal to proceed and take place, and then you get the chance to come back and have this anyway. In other words, if you do the appeal first, you have both rights, you have appeal rights and PCRA rights.

If you proceed with the PCRA right now, you are giving up the appeal rights, and you never get that back, so you have one of your two options. You are giving up one of the things you could have.

[APPELLANT]: Say if I don't get it overturned at this hearing here, I can always take the PCRA to Superior Court, right?

THE COURT: Just on the PCRA issue, but you can't come back and say, I'm not guilty, because one punch isn't enough for aggravated assault. You

would be giving that up, which is probably your best legal issue.

[DEFENSE COUNSEL]: Your Honor, could I just confer with him for a moment?

THE COURT: Yes.

\* \* \*

(Whereupon, an off-the-record discussion between client and attorney ensued.)

\* \* \*

[APPELLANT]: Yeah, I want to go ahead with the hearing then still.

THE COURT: The PCRA hearing?

[APPELLANT]: Yes.

THE COURT: Understanding you are giving up your direct appeal rights at this time?

[APPELLANT]: Yes.

N.T., 1/23/08, at 3–7. Trial counsel then presented testimony addressing Appellant's claims of ineffective assistance. Because this examination took longer than expected, the hearing was continued until February 8, 2008.

¶ 7 On that date, Appellant testified regarding his claims of trial counsel's ineffectiveness. On cross examination, the Commonwealth asked Appellant about filing a direct appeal and the following exchange occurred:

[BY THE COMMONWEALTH]:

Q. So [trial counsel] and I believe perhaps the court indicated you have a limited amount of time to file an appeal, correct?

THE COURT: Hold on a second. What is the ineffective assistance issue in regard to the appeal . . .

[DEFENSE COUNSEL]: Your Honor, at this point we're not pursuing the appeal issue because you had made it clear that he had to do one or the other.

THE COURT: Okay.

[DEFENSE COUNSEL]: So that is no longer.

[THE COMMONWEALTH]: So ineffective assistance for not filing an appeal, that's off the table, correct?

[APPELLANT]: That's ineffective. He should have.

[DEFENSE COUNSEL]: Well, he should have—just to refresh everyone's memory—

THE COURT: I remember. It is not necessary.

[DEFENSE COUNSEL]: Okay. No, that's not on the table.

[BY THE COMMONWEALTH]:

Q. So you were aware that there was a set amount of time that you had to file an appeal with him, correct?

THE COURT: The appeal is not an issue.

[THE COMMONWEALTH]: Is that your understanding?

[DEFENSE COUNSEL]: It is.

THE COURT: That's the court's ruling.

N.T., 2/8/08, at 30–31.

¶ 8 Citing this Court's recent decision in *Commonwealth v. Liston,* 941 A.2d 1279 (Pa.Super.2008) (*en banc*), Appellant asserts that the PCRA court "erred in ruling that he could not seek, in the same petition, to have his appellate rights reinstated and ask for a new trial due to ineffectiveness of trial counsel." Appellant's Brief at 9. Appellant therefore asks that the case be remanded to the PCRA court for purposes of determining whether his appellate rights should be reinstated. The Commonwealth contends that because Appellant's court-appointed counsel neither objected to the procedure put forth by the

PCRA court nor brought the *Liston* decision to the court's attention during the evidentiary hearings, Appellant has waived his claim by inappropriately raising it for the first time on appeal. *See* Commonwealth's Brief at 9–10 (citing Pa.R.A.P. 302(a)). For its part, the trial court explained as follows:

> In a previous case [this court] actually proceeded in the manner [Appellant] suggested. [This court] was reversed with the instruction it had no jurisdiction to proceed with the [PCRA petition] after restoring direct appeal rights. Therefore [this court] followed that previous ruling and advised [Appellant] accordingly.
>
> However, it appears that the Appellate Courts have recently changed this procedure, and allow [PCRA courts] to both reinstate appellate rights and hear the remaining [PCRA] issues concerning trial [counsel's ineffectiveness]. In this case [this court] has already heard those remaining issues, ruled against [Appellant], and [Appellant] has not appealed any of those decisions. Therefore it would appear that the appropriate remedy at this time is to simply reinstate [Appellant's] direct appeal rights.

Trial Court Opinion, 5/9/08, at 2.

¶ 9 The PCRA court's treatment of Appellant's PCRA petition, which requested both the reinstatement of direct appeal rights and raised claims of trial counsel's ineffectiveness, vis-à-vis its past experience with such petitions is not unique and most likely has been encountered by other trial courts across Pennsylvania. In *Liston, supra,* the defendant did not take a timely appeal from his judgment of sentence. Approximately four months later, however, he filed a *pro se* PCRA petition,

counsel was appointed, and an amended petition was filed alleging, *inter alia,* that prior counsel had failed to file a requested direct appeal. An evidentiary hearing was held at which both the defendant and trial counsel testified. Subsequently, the PCRA court issued an opinion and order in which it found that trial counsel failed to file a requested appeal on the defendant's behalf and, therefore, reinstated defendant's appeal rights *nunc pro tunc.* Although trial counsel testified with regard to the defendant's remaining claims of ineffectiveness, the PCRA court did not address them in its opinion and order.

¶ 10 This Court granted *en banc* consideration in *Liston, supra,* in order "to decide what procedure the [PCRA] court should follow when faced with a PCRA petition requesting restoration of the petitioner's appellate rights *nunc pro tunc* and also making 'other' claims of trial counsel ineffectiveness." *Liston,* 941 A.2d at 1280 (footnote omitted).[1] In addressing this issue, we first discussed cases where this Court previously dealt with this situation and the continued viability of these cases in light of our Supreme Court's decisions in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), which held, as a general rule, that an appellant's claims of ineffectiveness of trial counsel should await collateral review, and *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003), which provided an exception to the *Grant* rule to allow the consideration of ineffectiveness claims on direct appeal whenever those claims were presented to the trial court and the record is adequate to assess their merit in light of the trial court's conclusions.

---

1. Given the January 8, 2008 date of this Court's decision in *Liston,* and the first evidentiary hearing held in the instant appeal on January 23, 2008, we are not persuaded by the Commonwealth's waiver claim.

¶ 11 This Court in *Liston* then addressed the fact that the PCRA court, although reinstating the defendant's direct appeal rights, failed to determine the merit of his other ineffectiveness claims, even though both Appellant and trial counsel testified at the evidentiary hearing. We stated:

These claims were presented in [the defendant's] PCRA petition, and there was an evidentiary hearing on the claims at which trial counsel testified. Consistent with *Grant*, the ineffectiveness claims are being raised on collateral review and therefore, as in *Bomar*, with a complete record, can be addressed when the collateral review remedy granted is reinstatement of direct appeal rights. Had the trial court addressed the claims in an opinion, there would be an adequate record for our review on this appeal. *Bomar*. As it is, in the absence of such an opinion, this [Court] would be required to dismiss the claims without prejudice, to be re-raised in another PCRA petition. The obvious result is that *Grant* notwithstanding, this seems to be a waste of precious judicial time and resources, and a labyrinthine method of addressing such "hybrid" petitions alleging both appellate counsel ineffectiveness for failing to preserve the petitioner's direct appeal rights and claims of trial counsel ineffectiveness.

*Liston*, 941 A.2d at 1283. This Court in *Liston* next discussed this Court's post-*Grant* decisions in *Commonwealth v. Miller*, 868 A.2d 578 (Pa.Super.2005), *appeal denied*, 584 Pa. 685, 881 A.2d 819 (Pa. 2005), and *Commonwealth v. Davis*, 894 A.2d 151 (Pa.Super.2006), *appeal denied*, 591 Pa. 680, 917 A.2d 312 (Pa.2007).

¶ 12 In *Miller*, the PCRA court granted the petitioner reinstatement of his direct appeal rights *nunc pro tunc*, and also addressed and rejected his claim of trial counsel's ineffectiveness. Raising the same concern as those stated above in *Liston*, this Court in *Miller* reasoned:

[If a PCRA court] creates a record on the additional ineffectiveness claims a petitioner raises in the PCRA petition requesting reinstatement of direct appellate rights, that petitioner may be able to obtain review of those claims in the direct appeal, if one is granted. The Supreme Court carved out an exception to *Grant* in [*Bomar, supra*], permitting review of ineffectiveness claims on direct appeal where a sufficient record concerning the claims had been established. Thus, ineffectiveness claims that were developed in the PCRA court may be reviewed in the *nunc pro tunc* direct appeal, along with any other appealable claims the appellant chooses to raise.

*Liston*, 941 A.2d at 1284 (quoting *Miller*, 868 A.2d at 581).

¶ 13 In *Davis*, the PCRA court reinstated the petitioner's direct appeal rights, *nunc pro tunc*, but did not address the remaining ineffectiveness claims. In fact, the PCRA court did not hold an evidentiary hearing on these claims, or otherwise establish an evidentiary record on them after reinstating the petitioner's direct appeal rights. Given these circumstances, in the subsequent *nunc pro tunc* direct appeal, the *Davis* court felt constrained to dismiss the ineffectiveness claims without prejudice to raise them in a subsequent PCRA petition.

¶ 14 Finally, in *Liston* we recognized that when the trial court addresses a petitioner's ineffectiveness claims after it has already granted him or her the right to file a direct appeal *nunc pro tunc*, it essentially offers an advisory opinion that is generally prohibited. *Liston*, 941 A.2d at 1284 (citing cases). We stated:

However, this concern will be alleviated and specific findings on ineffectiveness

claims made a part of the record on review if trial courts grant post-sentence motions *nunc pro tunc* along with reinstatement of direct appeal rights. Therefore, in line with our decision today, henceforth, if the PCRA court determines that, in fact, appellate counsel was ineffective for failing to file a requested direct appeal and reinstates the petitioner's direct appeal rights *nunc pro tunc*, the court shall also reinstate the petitioner's right to file post-sentence motions or amended post-sentence motions *nunc pro tunc*. The petitioner can then raise whatever "other" claims of counsel ineffectiveness he/she wants to in post-sentence motions; the trial court can hold an evidentiary hearing, if warranted, perfect the record for review, and reach a final decision on the merits. In this way, the trial court's decision results in an appealable ruling, and the trial court will not be compelled to issue a merely "advisory" opinion. The record will also be complete so that this [C]ourt may review the appellant's ineffectiveness claims on the ensuing direct appeal, consistent with *Bomar*. This practice will preserve valuable judicial time and resources, and save the appellant from having to file another, duplicative PCRA petition raising the identical claims later in the process.

In addition, this procedure will avoid the problem in *Davis*, in which this [C]ourt could not remand to the PCRA court for an evidentiary hearing on the appellant's other ineffectiveness claims, where the matter was now before us on direct appeal from the judgment of sentence. We also note that some of the "other" ineffectiveness claims raised in the PCRA petition seeking reinstate-

ment of appellate rights may be able to be re-framed in post-sentence motions as a "direct" claim without the necessity of casting it in terms of trial counsel ineffectiveness, *e.g.*, a challenge to the weight of the evidence or discretionary aspects of sentencing. Of course, if the PCRA court decides counsel was *not* ineffective for failing to take an appeal and decides *against* reinstating the petitioner's direct appeal rights, the court will immediately review all of the petitioner's remaining PCRA claims, if any, and issue an appealable order.

*Liston*, 941 A.2d at 1284–85.

■ ¶ 15 In light of this Court's decision in *Liston*, the PCRA court should not have made Appellant choose between the two options of either pursuing a *nunc pro tunc* appeal or a PCRA petition based on ineffectiveness of counsel. Rather, the proper remedy would have been to allow Appellant to establish his entitlement to the reinstatement of his direct appeal rights *nunc pro tunc*. *See Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa.Super.2006) (reiterating that, before a court will find ineffectiveness of counsel for failing to file a direct appeal, a defendant must prove that he requested an appeal and that counsel disregarded that request). Once established, pursuant to *Liston*, the PCRA court would grant Appellant the right to file a *nunc pro tunc* post-sentence motion and then a *nunc pro tunc* direct appeal. The trial court then could schedule an evidentiary hearing if necessary.[2]

¶ 16 The restricted options offered to Appellant by the PCRA court prevented Appellant from presenting evidence to establish that he was entitled to the reinstatement of his direct appeal rights. *Bath, supra*. Thus, we remand so that the

**2.** As recognized by the PCRA court, however, if Appellant subsequently files a direct appeal his claims of trial counsel's ineffectiveness have already been addressed and thus may be reviewed by this Court. *Miller, supra*.

PCRA court can conduct a hearing at which Appellant and trial counsel can present evidence regarding Appellant's request for a direct appeal and counsel's failure to file an appeal on his behalf. If the PCRA court concludes that Appellant has met his burden, the court shall proceed in accordance with *Liston, supra.*

¶ 17 Order reversed. Case remanded with instructions. Jurisdiction relinquished.