J-A14002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEWIS SYKES | : | |
| | : | |
| Appellant | : | No. 3402 EDA 2017 |

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0005667-2015

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 13, 2018**

Appellant, Lewis Sykes, appeals from the order entered in the Montgomery County Court of Common Pleas, which granted in part his first petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1], reinstating his direct appeal rights *nunc pro tunc*, but declining to address Appellant's remaining PCRA claims.  We quash this appeal without prejudice to Appellant to pursue his ineffective assistance of trial counsel claims in a timely filed PCRA petition following disposition of his direct appeal.

The relevant facts and procedural history of this case are as follows. Following a bench trial, the court convicted Appellant on June 7, 2016, of three counts of criminal trespass and one count each of attempted burglary and

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Retired Senior Judge assigned to the Superior Court.

criminal mischief. The court sentenced Appellant on September 16, 2016, to an aggregate sentence of twenty-three (23) to fifty-six (56) years' incarceration. Appellant filed no post-sentence motions and sought no direct review. On March 3, 2017, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel on March 17, 2017, who filed an amended PCRA petition on May 23, 2017, asserting several claims of ineffective assistance of trial counsel and seeking reinstatement of his direct appeal rights *nunc pro tunc*.

The PCRA court conducted an evidentiary hearing on August 11, 2017. On September 26, 2017, the PCRA court granted relief in part by reinstating Appellant's direct appeal rights *nunc pro tunc*. The court declined to address Appellant's claims of ineffectiveness of trial counsel. On October 20, 2017, Appellant filed a notice of appeal from the PCRA order. The court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises one issue for our review:

> [WHETHER] APPELLANT'S PCRA APPEAL SHOULD BE REMANDED TO THE [PCRA] COURT AND STAYED PENDING RESOLUTION OF APPELLANT'S DIRECT APPEAL [AT SUPERIOR COURT DOCKET NUMBER] 3423 EDA 2017[?]

(Appellant's Brief at 4).

Appellant argues the PCRA court "implicitly denied" the ineffective assistance of counsel claims Appellant raised in his PCRA petition when the court failed to address those claims in its order reinstating Appellant's direct

- 2 -

appeal rights *nunc pro tunc*. Appellant maintains when the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*, it deprived itself of jurisdiction to review the merits of Appellant's remaining PCRA claims. Appellant states this Court also lacks jurisdiction to review the merits of Appellant's unresolved PCRA claims while Appellant's *nunc pro tunc* direct appeal is pending. Appellant concludes this Court should remand the matter to the PCRA court and stay his appeal from the PCRA order, pending the resolution of Appellant's *nunc pro tunc* direct appeal from the judgment of sentence. We cannot agree.

Initially, we observe: "When a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not 'reach' the merits of any remaining claims." ***Commonwealth v. Miller***, 868 A.2d 578, 580 (Pa.Super. 2005), *appeal denied*, 584 Pa. 685, 881 A.2d 819 (2005).

> This delicate distinction has caused some confusion. The PCRA court may **inquire**, but its inquiry cannot result in an appealable disposition. The procedure a PCRA court in this situation should follow was set forth in ***Commonwealth v. Miranda***, …442 A.2d 1133 (1982).
>
> The ***Miranda*** Court conducted a thorough review of the Supreme Court decisions concerning the power of a court to grant *nunc pro tunc* relief and the proper procedure for addressing additional claims raised in the same post-conviction petition requesting the *nunc pro tunc* relief. In conclusion, the Court found the following procedure should be followed:
>
> > [T]he [PCRA] court must address the other claims raised in the [PCRA] petition when it is necessary to

complete the record for appellate review; but under these circumstances, the [PCRA] court is merely functioning as an evidentiary tribunal. Implicit in [this] rationale is the directive that proceedings in the [PCRA] court relating to issues other than the one involving lack of appellate rights, are not to be decided on the merits, but rather the [PCRA] court is to see to it that the record is made complete on these issues for the purpose of review in the appellate court on the *nunc pro tunc* appeal. Thus, all supplemental issues raised, reviewed, and ruled upon in the [PCRA] proceedings would be adequate for review in the *nunc pro tunc* appeal before us; in other words, only one appeal, the *nunc pro tunc* appeal from the judgment of sentence, would be presented to us.

\* \* \*

[O]nce the [PCRA] court decides the accuracy of the deprivation of appellate rights claim and grants the *nunc pro tunc* appeal, its review of any remaining claims would not be considered final review of the issues, but would only be seen as serving the evidentiary purpose of completing the record for appellate review. As such, the evidentiary review would not result in a separate appealable order. The outcome of this situation would instead result in the filing of the *nunc pro tunc* appeal, where petitioner could raise all issues which have been adequately preserved, and where he would have the benefit of final review by the traditional appellate tribunal.

Thus, a PCRA court may act as a fact-finder and issue "advisory" opinions that will aid in the ultimate disposition of the claims.

*Id.* at 580-81 (quoting **Miranda, supra** at 1138-39) (internal footnotes and most citations omitted) (emphasis in original). **See also Commonwealth v. Davis**, 894 A.2d 151 (Pa.Super. 2006), *appeal denied*, 591 Pa. 680, 917 A.2d 312 (2007) (declining to address ineffectiveness claims on *nunc pro tunc*

direct appeal; PCRA court did not fully develop ineffectiveness claims at evidentiary hearing, and Superior Court could not remand case to PCRA court to conduct evidentiary hearing, because court had reinstated direct appeal rights *nunc pro tunc*).

Instantly, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. The PCRA court did not, however, address Appellant's ineffectiveness of counsel claims. To the extent Appellant purports to appeal from the "implicit denial" of his ineffectiveness of counsel claims, the PCRA court's order did not result in a separate, appealable order. **See Miller, supra**. Thus, Appellant's instant appeal is not properly before us. Accordingly, we quash the appeal without prejudice to Appellant to pursue his ineffective assistance of trial counsel claims in a timely filed PCRA petition, following the disposition of his direct appeal *nunc pro tunc*, along with any other proper collateral claims he might want to raise.

Appeal quashed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>7/13/2018</u>