J-S16015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEN PENN | : | |
| | : | |
| Appellant | : | No. 1106 WDA 2025 |

Appeal from the PCRA Order Entered August 6, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006174-2022

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: June 23, 2026**

Allen Penn appeals from the order, entered in the Court of Common Pleas of Allegheny County, which granted in part his first petition filed pursuant to the Post Conviction Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541-9546, reinstating his direct appeal rights *nunc pro tunc*, but denying his request to withdraw his guilty plea and concluding his remaining ineffective assistance of trial counsel claims lacked merit. We quash this appeal without prejudice to Penn to pursue his *nunc pro tunc* direct appeal or his ineffective assistance of trial counsel claims in a timely filed PCRA petition following disposition of his direct appeal.

On May 31, 2022, Penn was charged with persons not to possess a firearm, possession with intent to deliver (PWID), and related offenses. After pre-trial proceedings and changes in counsel, Penn appeared before the trial court on May 13, 2024, and pled guilty to persons not to possess a firearm

and PWID, and the Commonwealth withdrew the remaining offenses.[1] Additionally, Penn and the Commonwealth had reached a sentencing agreement of two to four years' incarceration followed by a probationary period to be set at the trial court's discretion. The trial court accepted Penn's guilty plea, the parties' plea agreement, and immediately sentenced Penn to the agreed-upon period of two to four years' incarceration, followed by two years' probation.

Penn did not file a post-sentence motion or a notice of appeal. Instead, on May 11, 2025, Penn filed the instant timely PCRA petition seeking to reinstate his appellate rights and to withdraw his plea based upon claims of ineffective assistance of trial counsel. The Commonwealth filed a response, in which it conceded that Penn was entitled to reinstatement of his appellate rights.

On August 6, 2025, the PCRA court, without conducting an evidentiary hearing, issued the instant order reinstating Penn's direct appeal rights *nunc pro tunc*. **See** Order, 8/6/25, at 1. Additionally, the PCRA court concluded Penn's ineffective assistance of counsel claims lacked merit and denied his request to withdraw his guilty plea. **See id.** Penn filed the instant notice of appeal from the PCRA court's August 6, 2025 order and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

[1] Additionally, the Commonwealth withdrew a separate case against Penn.

- 2 -

Penn now raises the following claims for our review: "1. [Penn]'s guilty plea was not voluntarily entered due to ineffective assistance of counsel or attorney abandonment; 2. The [trial] court erred by not conducting a hearing on ineffective assistance or attorney abandonment." Brief for Appellant, at 2.

In both of his claims, Penn argues that the PCRA court erred in dismissing his ineffective assistance of trial counsel claims. *See id.* at 11-25. We cannot agree.

It is well-settled law that "[w]hen a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not 'reach' the merits of any remaining claims." *Commonwealth v. Miller*, 868 A.2d 578, 580 (Pa. Super. 2005). In *Miller*, this Court was faced with a similar procedural posture where the defendant filed a PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc* and a new trial based upon trial counsel's alleged ineffectiveness. *See id.* at 579. The PCRA court, after an evidentiary hearing, reinstated the defendant's direct appeal rights and concluded his ineffective assistance of counsel claims were meritless. *See id.* The defendant sought to appeal the PCRA court's determination that his ineffective assistance of counsel claims were meritless, but this Court concluded that the PCRA court's reinstatement of Miller's direct appeal rights "did not . . . result in a disposition [from which Miller] could appeal." *Id.* at 580. Further, "the only appeal [Miller] could properly present was the *nunc pro tunc* direct appeal granted to him by the PCRA court. [Thus, t]he PCRA

court's 'disposition' of [Miller's] additional ineffectiveness claim was essentially advisory." *Id.* at 581.

Instantly, the PCRA court reinstated Penn's direct appeal rights *nunc pro tunc* and, consequently, found Penn's remaining ineffective assistance of counsel claims meritless without conducting an evidentiary hearing. *See* Order, 8/6/25, at 1. Based upon this Court's holding in *Miller*, it is clear that the PCRA court's order did not result in a separate appealable order pertaining to his ineffective assistance of trial counsel claims, but rather reinstated Penn's right to file a direct appeal, *nunc pro tunc*, from his judgment of sentence. *See Miller*, *supra*. Thus, to the extent that Penn purports to appeal from the denial of his ineffectiveness of counsel claims, his appeal is not properly before this Court.[2] *See id.*

Accordingly, in line with our case law, we quash this appeal without prejudice to Penn's right to pursue his ineffective assistance of trial counsel claims in a timely filed PCRA petition, following the disposition of his direct appeal *nunc pro tunc*, along with any other proper collateral claims he might want to raise. *See Miller*, *supra*; *see also Commonwealth v. Davis*, 894 A.2d 151, 154 (Pa. Super. 2006) (dismissing undeveloped ineffective assistance of counsel claims on *nunc pro tunc* direct appeal without prejudice for appellant to raise those claims in timely filed PCRA petition).

---

[2] We note that, on appeal, Penn does not allege any PCRA court error in denying his request to withdraw his guilty plea.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/23/2026