J-S56040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON J. FRITCHLEE, | |
| Appellant | No. 333 MDA 2014 |

Appeal from the Judgment of Sentence September 26, 2013
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001143-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED OCTOBER 29, 2014**

Appellant, Jason J. Fritchlee, appeals from the judgment of sentence entered on September 26, 2013, following his jury conviction of involuntary deviate sexual intercourse (IDSI) and related offenses.  On appeal, Appellant challenges the sufficiency of the evidence to support his IDSI conviction, and the sufficiency of the evidence underlying his designation as a sexually violent predator (SVP).  For the reasons discussed below, we affirm.

On February 26, 2013, the Commonwealth filed a criminal information charging Appellant with IDSI,[1] indecent assault,[2] corruption of minors,[3] and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123(b).

possession of child pornography.[4]  The Commonwealth withdrew charges of rape of a child,[5] and unlawful contact with a minor.[6]  A jury trial took place from June 4, 2013, through June 6, 2013.

At trial, the victim, who was then age eight, testified that Appellant,[7] when she was between the ages of five and six years old, would lick her between her legs where "my bathroom part" was.  (N.T. Trial, 6/04/13, at 130; *see id.* at 127, 129-30, 134).  The victim stated that Appellant "lick[ed]" her many times both at her residence and at his residence.  (*Id.* at 130).  She alleged that Appellant would her take her clothing off or, when she was in a nightgown, would just hold her legs apart.  (*See id.* at 131-32).  The victim also testified that Appellant would show her videos that depicted the same acts he was performing on her.  (*See id.* at 133-34).

The victim's mother testified that, during the time she dated Appellant, he and the victim had been alone together on several occasions.  (*See id.* at 144-45).  She also stated that, in July 2012, after she had broken up with

(Footnote Continued)

[2] 18 Pa.C.S.A. § 3126(a)(7).

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[4] 18 Pa.C.S.A. § 6312(d)(1).

[5] 18 Pa.C.S.A. § 3121(c).

[6] 18 Pa.C.S.A. § 6318(a)(1).

[7] At the time of the events, Appellant was the victim's mother's paramour. (*See* N.T. Trial, 6/04/13, at 143).

Appellant, she was talking to the victim about good and bad touches, when the victim disclosed the abuse to her. (***See id.*** at 145-46).

Rebecca Sanstead, a forensic interviewer at the York County Children's Advocacy Center, testified regarding the work of the Center and the techniques she used when interviewing children. (***See*** N.T. Trial, 6/05/13, at 157-63). The Commonwealth then showed the jury a recording of Sanstead interviewing the victim. (***See id.*** at 167).

Appellant stipulated that the police found child pornography in his home. (***See id.*** at 183-87). Specifically,

> Of the seventeen items sent for analysis, four items that were seized on August 23, 2012, by Spring Garden Police Department from [Appellant's] residence were found to have apparent child pornography. Nine hundred twelve images of apparent child pornography and twenty-eight videos of apparent child pornography were found.
>
> Item Number 4, an eMachine computer, was found to have one image and twenty-three videos of apparent child pornography.
>
> Item Number 9, a Hitachi I/O Magic hard drive, was found to have sixty-three images of apparent child pornography.
>
> Item Number 13, a Western Digital, external hard drive, was found to have four hundred ninety-eight images and one video of apparent child pornography.
>
> Item Number 15-B, a SanDisk Cruzer . . . two gigabyte USB drive was found to have three hundred fifty images of apparent child pornography.
>
> All images and videos found to be apparent child pornography in Supervisory Special Agent Robert Soop's analysis depict a child engaging in prohibited sexual act or simulation of such act when the child was under the age of 18.

> Furthermore, Your Honor, Commonwealth's Exhibit 4, images found in the closet of [Appellant's] bedroom, depict a certain— or depict a child engaging in a prohibited sexual act or simulation of such act when the child was under the age of 18 and depict a certain type of sexual act similar to those found by Agent Soop's forensic analysis.

(*Id.* at 184-85).

Detective Dony Harbaugh of the Spring Garden Police Department testified about his August 23, 2012, interview with Appellant at his residence. (*See id.* at 204-06). Specifically, Detective Harbaugh testified:

> At some point, [Appellant] was asked if it was only that one time where he performed oral sex on [the victim], and — I just want to get this right. At that point, he had been looking down and was looking down at the floor. He was sitting down on the couch at that point, and when asked was it just that one time you performed oral sex on [the victim] he nodded his head once.
>
> And then he was asked: You have been thinking about that for some time?
>
> And he nodded again.

(*Id.* at 210). Further, Appellant admitted that he "got into child porn about six years ago, . . . but hadn't looked at it for six months." (*Id.* at 211). Appellant told Detective Harbaugh that looking at naked children "excite[d]" him. (*Id.*). Detective Harbaugh stated that Appellant did not complain of any pain and did not tell the detective that he had taken any drugs that day or the night before. (*See id.* at 213).

Two character witnesses testified on Appellant's behalf. (*See id.* at 224-227, 230-31). Appellant also took the stand on his own behalf.

- 4 -

Appellant testified that he did not have any sexual contact with the victim. (***See id.*** at 233). Appellant also claimed that he scavenged computer parts and that the images found by police were on hard drives that he had scavenged but never accessed. (***See id.*** at 234, 236-37, 242). He maintained that the printed images of child pornography were in a box that his ex-wife had given him. (***See id.*** at 250). Further, Appellant explained that he was in pain during the police interview, which affected his ability to concentrate, and that, while he did not remember making any incriminating statements, he had possibly done so because he wanted the interrogation to stop. (***See id.*** at 250-52, 256).

The jury found Appellant guilty of the aforementioned charges on June 6, 2013. (***See*** N.T. Trial, 6/06/13, at 317-18). On September 26, 2013, the trial court made a sexually violent predator (SVP) determination and held a sentencing hearing. Dr. Robert Stein, of the Pennsylvania Sexual Offender Assessment Board, testified as to the basis of his recommendation that the trial court should designate Appellant a SVP. (***See*** N.T. Sentencing, 9/26/13, at 3-9). Following Dr. Stein's testimony, the trial court found Appellant was a SVP. (***See id.*** at 11). The trial court then sentenced Appellant to an aggregate term of incarceration of not less than seventeen nor more than thirty-four years, to be followed by a seven-year term of probation. (***See id.*** at 17-18).

On October 7, 2013, Appellant filed a timely, post-sentence motion, challenging the weight and sufficiency of the evidence, as well as his designation as a SVP. (*See* Post-Sentence Motion, 10/07/13, at unnumbered pages 1-2). The trial court denied the motion on February 4, 2014. The instant, timely appeal followed. On February 25, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925. Appellant filed a timely Rule 1925(b) Statement on March 11, 2014. *See* Pa.R.A.P. 1925(b). On April 16, 2014, the trial court issued a Rule 1925(a) statement supplementing and adopting its February 4, 2014 opinion, denying Appellant post-sentence motions. *See* Pa.R.A.P. 1925(a); (*see also* Trial Court Opinion, 4/16/14, at 1-4).

On appeal, Appellant raises the following questions for our review.

I.    Did the trial court err when it found the evidence presented at trial was sufficient to find the Appellant guilty of [IDSI] with a child, [i]ndecent [a]ssault of a [c]hild, [c]orruption of [a] [m]inor and [p]ossession of [c]hild [p]ornography?

II.   Did the trial court err when it held that the Appellant was a [s]exually [v]iolent [p]redator?

(Appellant's Brief, at 5).

In his first claim, Appellant challenges the sufficiency of the evidence. (*See* Appellant's Brief, at 11-15). Our standard of review for sufficiency of the evidence claims is well settled:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner,

support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citations omitted).

This Court has repeatedly stated that, when challenging the sufficiency of the evidence on appeal, the appellant's Rule 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quoting *Commonwealth v. Flores*, 921 A.2d 517, 522-23 (Pa. Super. 2007) (emphasis omitted)). Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes and each of the crimes contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. *See id.* at 1258 n.9. In the instant matter, Appellant did not specify which elements of the offenses he wished to challenge. (*See* Statement of Matters Complained of on Appeal, 3/11/14, at unnumbered page one; *see also* Trial

- 7 -

Ct. Op., 4/16/14, at 2 (noting the vagueness of Appellant's 1925(b) statement)).  It is thus impossible to determine from Appellant's vague Rule 1925(b) statement which conviction he seeks to challenge.  Accordingly, we find Appellant's sufficiency of the evidence claim waived.

Further, even if we did not find his claim waived for the reason discussed above, Appellant's sufficiency of the evidence argument is underdeveloped.  While Appellant does set forth the elements of the crimes the jury convicted him of, he does not specify which element he seeks to challenge.  (*See* Appellant's Brief, at 11-15).  Appellant does set out the standard of review for sufficiency of the evidence claims, but his argument is otherwise without citation to any legal authority.  (*See id.*).  Accordingly, Appellant has waived his sufficiency of the evidence claims.  *See Commonwealth v. Liston*, 941 A.2d 1279, 1285 (Pa. Super. 2008) (*en banc*), *affirmed in part and vacated in part*, 977 A.2d 1089 (Pa. 2009).

Even if Appellant had not waived this claim for the reasons discussed above, it would still be subject to dismissal.  Appellant's claim is a contention that the jury should not have credited the testimony of the victim with respect to the IDSI, indecent assault, and corruption of minors charges.  (*See* Appellant's Brief, at 12-13).  Further, he claims that the jury should have credited his testimony that the police coerced a confession while he was in substantial back pain, and that the pornography found in his home was from scavenged computer parts that he planned to sell but had not yet

wiped clean. (**See id.** at 13-15). However, an argument that the finder of fact should not have credited a witness's testimony and should have credited the appellant's testimony goes to the weight of the evidence, not the sufficiency of the evidence. **See Commonwealth v. W.H.M., Jr.**, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of event rather than that of victim goes to weight, not sufficiency of evidence); **Commonwealth v. Wilson**, 825 A.2d 710, 713-14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Accordingly, Appellant's sufficiency of the evidence claim fails.[8]

_____

[8] We note that while Appellant raised a weight of the evidence claim in his post-trial motion and his Rule 1925(b) statement, he does not raise it in his statement of questions involved or in the body of his brief. (**See** Motion for Post-Sentence Relief, 10/07/13, at unnumbered page 1; Pa.R.A.P. 1925(b) Statement, 3/11/14, at unnumbered age 1; Appellant's Brief, at 5, 11-16). The Rules of Appellate Procedure provide that issues to be resolved must be included in the statement of questions involved or "fairly suggested" by it. Pa.R.A.P. 2116. Because Appellant did not include his weight of the evidence issue in his statement of questions involved and it is not "fairly suggested" by it, it is waived and we will not consider the claim. **See** Pa.R.A.P. 2116; **see also Commonwealth v. Harris**, 979 A.2d 387, 397 (Pa. Super. 2009) (issue to be resolved must be included in statement of questions involved).

In his second claim, Appellant argues that the evidence was insufficient to sustain his SVP designation. (**See** Appellant's Brief, at 15-16). Pennsylvania law defines a SVP as:

An individual . . . convicted of an offense specified in:

(1) section 9799.14(b)(1), (2), (3), (4), (5), (6), (8), (9) or (10) (relating to sexual offenses and tier system) or an attempt, conspiracy or solicitation to commit any offense under section 9799.14(b)(1), (2), (3), (4), (5), (6), (8), (9) or (10);

(2) section 9799.14(c)(1), (1.1), (1.2), (2), (3), (4), (5) or (6) or an attempt, conspiracy or solicitation to commit an offense under section 9799.14(c)(1), (1.1), (1.2), (2), (3), (4), (5) or (6); or

(3) section 9799.14(d)(1), (2), (3), (4), (5), (6), (7), (8) or (9) or an attempt, conspiracy or solicitation to commit an offense under section 9799.14(d)(1), (2), (3), (4), (5), (6), (7), (8) or (9)

who, on or after the effective date of this subchapter, is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses. . . .

42 Pa. C.S.A. § 9799.12. The determination of a defendant's SVP status may be made only after an assessment and hearing before the trial court. *See Commonwealth v. Whanger*, 30 A.3d 1212, 1215 (Pa. Super. 2010), *appeal denied*, 42 A.3d 293 (Pa. 2011). In discussing the affirmance of an SVP designation under the former 42 Pa. C.S.A. § 9792, this Court stated that "[W]e will disturb an SVP designation only if the Commonwealth did not present clear and convincing evidence to enable the court to find each

element required by the SVP statutes." *Id.* at 1215 (citation omitted). As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. *See id.*

When discussing the prior version of the SVP statute, this Court has said:

> [t]he process of determining SVP status is statutorily-mandated and well-defined. The triggering event is a conviction for one or more offenses specified in 42 Pa.C.S.A. § 9795.1 [(now 42 Pa. C.S.A. § 9799.14)], which in turn prompts the trial court to order an SVP assessment by the SOAB. The Board's administrative officer then assigns the matter to one of the Board's members all of whom are "expert[s] in the field of behavior and treatment of sexual offenders." 42 Pa.C.S.A. § 9799.3 [now 42 Pa. C.S.A. § 9799.35]. At the core of the expert's assessment is a detailed list of factors, which are mandatory and are designed as "criteria by which … [the] likelihood [of reoffense] may be gauged." *Commonwealth v. Bey*, 841 A.2d 562, 566 (Pa. Super. 2004). They include:

> > (1) Facts of the current offense, including:

> > (i) Whether the offense involved multiple victims.

> > (ii) Whether the individual exceeded the means necessary to achieve the offense.

> > (iii) The nature of the sexual contact with the victim.

> > (iv) Relationship of the individual to the victim.

> > (v) Age of the victim.

> > (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

- 11 -

      (vii)   The mental capacity of the victim.

    (2)    Prior offense history, including:

      (i)     The indvidual's prior criminal record.

      (ii)    Whether the individual completed any prior sentences.

      (iii)   Whether the individual participated in available programs for sexual offenders.

    (3)    Characteristics of the individual, including:

      (i)     Age of the individual.

      (ii)    Use of illegal drugs by the individual.

      (iii)   Any mental illness, mental disability, or mental abnormality.

      (iv)   Behavioral characteristics that contribute to the individual's conduct.

    (4)    Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9795.4(b) [(now 42 Pa. C.S.A. § 9799.24(b))].

      The specific question for the SOAB expert, as well as any other expert who testifies at an SVP hearing, is whether the defendant satisfied the definition of a sexually violent predator set out in the statute, that is, whether he or she suffers from "a mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9792 [now 42 Pa. C.S.A. § 9799.12]. At the hearing on SVP status, the expert's opinion is presented to the trial court judge, who alone determines whether the Commonwealth has proved by clear and convincing evidence that the defendant is a sexually violent predator. [*Commonwealth v.*] *Krouse*, [799 A.2d 835], 839 [Pa. Super. 2003 (*en banc*), *appeal denied*, 821 A.2d 586 (Pa. 2003)]. This Court has determined that the "salient inquiry" for the trial court is the "identification of the

- 12 -

impetus behind the commission of the crime," coupled with the "extent to which the offender is likely to reoffend." **Bey**, **supra** at 566.

**Commonwealth v. Dixon**, 907 A.2d 533, 535-36 (Pa. Super. 2006), *appeal denied*, 920 A.2d 830 (Pa. 2007).

As noted, "the triggering event [for determination of SVP status] is a conviction for one or more offenses specified in 42 Pa. C.S.A. [§ 9799.14]. . ." **Id.** Here, a jury found Appellant guilty of IDSI with a child, indecent assault, corruption of minors, and possession of child pornography. All are qualifying convictions under 42 Pa. C.S.A. § 9799.14. **See** 42 Pa. C.S.A. §§ 9799.14. Thus, "the triggering event" conviction has occurred.

The definition section of the Registration of Sexual Offenders statute, 42 Pa. C.S.A. § 9799.12, defines a "sexually violent predator" as one who, upon assessment pursuant to 42 Pa. C.S.A. § 9799.24 is found to be "likely to engage in predatory sexually violent offenses," "due to a mental abnormality or personality disorder." 42 Pa. C.S.A. § 9799.12. As noted, all the charges the jury convicted Appellant of are offenses specified in § 9799.14. "Sexually violent offense" is defined as "[a]n offense specified in section 9799.14 (relating to sexual offenses and tier system) as a Tier I, Tier II or Tier III sexual offense." "Predatory" is defined as "an act directed at a stranger. . . ." 42 Pa. C.S.A. § 9799.12.

Dr. Robert Stein, whom the parties stipulated was an expert, performed Appellant's assessment. (**See** N.T. Sentencing, 9/26/13, at 2-3).

At the SVP hearing, he testified that Appellant has a mental abnormality consisting of pedophilia. (*See id.* at 5-6). Dr. Stein averred that Appellant's behavior was predatory in that he "groomed" a young child "by showing her child pornography and then acting out what was in these videos with the child. . . . [The relationship] was maintained through repeated actions." (*Id.* at 7). He concluded that, to a reasonable degree of professional certainty, Appellant met the definition of an SVP. (*See id.*).

Appellant argues that regardless of the above, "[e]ight of the fifteen (15) factors weighed against the Appellant being declared a [SVP]. [Therefore], he should not be declared a [SVP] when more factors weigh in the Appellant's favor than against." (Appellant's Brief, at 16). However, Appellant provides no legal support for this undeveloped argument. Rather, Dr. Stein specifically stated that the factors "are not weighted at all. They are merely looked at for their relevance to the issues of mental abnormality and predatory behavior." (N.T. Sentencing, 9/26/13, at 9). This Court has stated that:

> there is no statutory requirement that all of [the factors] or any particular number of them be present or absent in order to support an SVP designation. The factors are not a check list with each one weighing in some necessary fashion for or against SVP designation. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities.

*Commonwealth v. Brooks*, 7 A.3d 852, 863 (Pa. Super. 2010), *appeal denied*, 21 A.3d 1189 (Pa. 2011) (citation omitted). Thus, Appellant's

- 14 -

argument that he could not be designated an SVP because the majority of the factors did not weigh against him lacks merit.

We conclude that the trial court did not commit an error of law or abuse its discretion in finding that Dr. Stein's testimony and report established by clear and convincing evidence that Appellant meets the statutory criteria that makes him likely to engage in predatory sexually violent offenses in the future. *See Krouse, supra.* at 839. Appellant's claim lacks merit. Therefore, we affirm the trial court's SVP designation.

After review, we find that all of Appellant's claims lack merit. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2014