**COMMONWEALTH of Pennsylvania**

v.

**Clayton Leroy LISTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 6, 2007.
Filed Jan. 8, 2008.

Dianne H. Zerega, Uniontown, for appellant.

Nancy Vernon, Asst. Dist. Atty., Uniontown, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO, ORIE MELVIN, LALLY–GREEN, TODD,* BOWES, GANTMAN, McCAFFERY,* and DANIELS,* JJ.

McCAFFERY, and DANIELS.

* This decision was reached prior to January 7, 2008 with the participation of Judges TODD,

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 We determined this case should be considered by the court sitting *en banc* to decide what procedure the trial court should follow when faced with a PCRA[1] petition requesting restoration of the petitioner's appellate rights *nunc pro tunc,* and also making "other" claims of trial counsel ineffectiveness. We hold that where, as in the case *sub judice,* the court, on collateral review, grants the petitioner the right to appeal *nunc pro tunc,* it shall additionally grant the filing of post-sentence motions *nunc pro tunc.* This will enable the court to establish a record upon which this court may dispose of any ineffectiveness claims on the direct appeal. Such a rule best promotes judicial economy and obviates the need for the petitioner to file a subsequent PCRA petition re-raising the identical claims, frequently resulting in the filing of a second appeal to this court.

¶ 2 The facts and procedural posture relevant to our discussion on appeal are as follows. At the conclusion of a jury trial held August 2, 2005, appellant, Clayton Leroy Liston, was found guilty of two counts each of possession, possession with intent to deliver ("PWID"), delivery, and one count of criminal conspiracy. On August 19, 2005, the Honorable John F. Wagner, Jr., imposed an aggregate sentence of 18 to 36 months. No direct appeal was filed; however, on December 14, 2005, appellant filed a timely *pro se* petition for post-conviction collateral relief pursuant to the PCRA. Counsel was appointed, and on February 6, 2006, an amended petition was filed on appellant's behalf, alleging, *inter alia,* that prior counsel had failed to file a requested direct appeal.

¶ 3 An evidentiary hearing was held March 28, 2006, at which both appellant and trial counsel, Krista Martin, Esq., testified. In an opinion and order filed May 31, 2006, Judge Wagner found that Attorney Martin had failed to file a requested direct appeal on appellant's behalf and reinstated appellant's direct appeal rights *nunc pro tunc.* Judge Wagner did not address appellant's remaining ineffectiveness of trial counsel claims, despite the fact that Attorney Martin testified regarding these claims. Notice of appeal *nunc pro tunc* was filed June 21, 2006. Appellant was not directed to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); and no additional opinion has been filed by the trial court.[2]

¶ 4 Appellant raises one sufficiency claim and four claims relating to trial counsel ineffectiveness. In his statement of the questions involved, appellant frames the issues as follows:

1. Did the Commonwealth present insufficient evidence to permit a jury to reach a verdict of guilty on the charges?

2. Was trial counsel ineffective for failing to obtain discovery or to adequately prepare for trial?

3. Was trial counsel ineffective when she elicited prior convictions that were not *crimen falsi* and thereby biased the jury against the appellant?

4. Was trial counsel ineffective for failing to adequately confer with the appellant regarding whether he should testify?

5. Was trial counsel ineffective for failing to obtain the appellant's prior record of convictions so that she

---

1. Post–Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

2. The Commonwealth has not filed a responsive brief in this case.

could adequately advise him regarding whether he should testify?

Appellant's brief at 6.

¶ 5 First, we examine appellant's ineffectiveness of trial counsel claims, and specifically the trial court's failure to address them despite the fact that there was an evidentiary hearing at which trial counsel testified. The issue of the trial court's proper role on collateral review when the remedy granted is the reinstatement of direct appeal rights has been addressed previously by this court *en banc.* In *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982) (*en banc*), the defendant filed a petition under the prior Post Conviction Hearing Act ("PCHA"),[3] alleging, *inter alia,* ineffectiveness of trial counsel for failing to take a direct appeal. The PCHA court reviewed the ineffectiveness claim and granted the defendant the right to file an appeal *nunc pro tunc,* but did not address the other issues alleged in the PCHA petition. On the ensuing *nunc pro tunc* appeal to this court, we ordered the case listed for reargument *en banc* to determine the scope of review permitted a post-conviction hearing court when it determines that the petitioner has been denied his appellate rights. *Id.* at 1135.

¶ 6 First, we observed that *Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372 (1975), in which the Pennsylvania Supreme Court held that when the PCHA court determines the petitioner has been deprived of his appellate rights and grants him the right to file an appeal *nunc pro tunc,* it should refrain from ruling on the merits of the other claims, did not anticipate the problem of an incomplete record on appellate review when the remaining issues in the petition were not reviewed by the PCHA court. *Miranda, supra* at 1137–1138. This problem was resolved in

*Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977), wherein the supreme court created an exception to the practice established in *Webster,* when the trial record is inadequate to provide a basis for review of the remaining claims or where the claims were not ruled on by the trial court. *Miranda, supra* at 1138, citing *Sullivan, supra* at 140 n. 5, 371 A.2d at 473 n. 5.

> With the *Sullivan* decision, then, it is clear that the PCHA court must address the other claims raised in the PCHA petition when it is necessary to complete the record for appellate review; but under these circumstances, the PCHA court is merely functioning as an evidentiary tribunal. Implicit in *Sullivan's* rationale is the directive that proceedings in the PCHA court relating to issues other than the one involving lack of appellate rights, are not to be decided on the merits, but rather the PCHA court is to see to it that the record is made complete on these issues for the purpose of review in the appellate court on the *nunc pro tunc* appeal.

*Miranda, supra* at 1138–1139. This court in *Miranda* relied on the procedural guidelines set forth in *Webster* and *Sullivan* in applying them also to claims of trial counsel ineffectiveness. *Id.* at 1139. We recognized that where the petitioner, in addition to alleging appellate counsel's ineffectiveness has also alleged instances of trial counsel's ineffective stewardship, if the record is incomplete and no hearing held on the claims raised in connection with trial counsel's ineffectiveness, then this court would be unable to deal with these claims if they are subsequently raised in the *nunc pro tunc* appeal. *Id.* "Without the benefit of a complete record,

---

**3.** We have held that although it was decided under the PCHA, *Miranda* applies with equal force to the PCRA. *Commonwealth v. Hoy-* *man,* 385 Pa.Super. 439, 561 A.2d 756, 758 (1989).

the appellate court would, of course, find it necessary to remand the case for an evidentiary hearing on any possibly meritorious ineffectiveness claim, thereby further complicating and delaying final disposition of the matter." *Id.* at 1139.

¶ 7 Of course, when *Miranda* was decided, any claims of trial counsel ineffectiveness had to be brought at the first available opportunity to avoid waiver, *i.e.,* when the defendant had new counsel. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). Therefore, assuming the defendant had new counsel on the *nunc pro tunc* direct appeal, any claims of trial counsel's ineffective stewardship would have to be presented at that time.

¶ 8 The *"Hubbard* rule," as it was known, was overruled in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), to the extent *Hubbard* required trial counsel's ineffectiveness to be raised at that time when a petitioner obtains new counsel or the claims will be deemed waived. *Grant* held that, as a general rule, a petitioner's claims of ineffective assistance of trial counsel should wait until collateral review. *Id.* at 67, 813 A.2d at 738 (footnote omitted). "Simply stated, a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness." *Id.* In dispensing with the *Hubbard* rule, the *Grant* court was primarily concerned that the old rule compelled defendants to raise claims of trial counsel ineffectiveness on an inadequate record. Appellate courts do not normally consider issues that were not raised and developed in the court below, leaving the appellate court in an awkward position as to the manner in which these claims may be assessed. *Id.* at 64–66, 813 A.2d at 736–737.

¶ 9 The *Grant* court recognized the possibility of exceptions to the new rule, and in *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003), *cert. denied,* 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004), the court created such an exception to the general rule announced in *Grant,* where the ineffectiveness claims were presented to the trial court and the record is adequate to assess the merits of the claims on direct appeal. In *Bomar,* the appellant's claims of ineffective assistance of counsel were properly raised and preserved in the trial court; there was a record devoted to the ineffectiveness claims, including trial counsel's testimony; and there was a trial court opinion addressing the ineffectiveness claims raised on appeal. *Id.* at 463–464, 826 A.2d at 853–854. Therefore, the court in *Bomar* determined that the concerns expressed in *Grant,* including that the *Hubbard* rule frequently obliged the appellate courts to consider matters not of record, were not present. *Id.* at 465, 826 A.2d at 854. In addition, as the trial court had filed an opinion and the claims were raised and fully developed at a hearing in the trial court, two other concerns in *Grant* were not implicated in *Bomar;* that lack of a trial court opinion addressing the issues poses a substantial impediment to meaningful and effective appellate review, as was usually the case under *Hubbard* where the claims were raised for the first time on appeal, and the truncated time frame available on direct appeal review for appellate counsel to uncover and develop extra-record claims of counsel ineffectiveness. *Id.* at 464–466, 826 A.2d at 854–855. Accordingly, the *Bomar* court proceeded to consider the appellant's ineffectiveness claims on direct appeal. *Compare Commonwealth v. Ramos–Torres,* 855 A.2d 116 (Pa.Super.2004) (although the appellant's claims of prior counsel's ineffectiveness were raised in the court below and the

trial court found the claims to be without merit in its opinion, there was no testimony on the record from trial counsel which would reveal the rationale behind his strategy; and therefore, the *Bomar* exception to *Grant* did not apply, dismissing the appellant's ineffectiveness claims without prejudice to bring them on collateral review).

¶ 10 The holding in *Grant* that, as a general rule, claims of trial counsel ineffectiveness should be deferred until collateral review, could perhaps be viewed as implicitly overruling this court's decision in *Miranda*. As noted above, *Miranda* was decided under the old *Hubbard* rule, where ineffectiveness of counsel claims were deemed waived if not brought at the first opportunity, when the defendant obtained new counsel. Therefore, if the trial court failed to create an adequate record, we would be compelled to remand for consideration of the ineffectiveness claims, thereby creating delay. However, although ineffectiveness claims are now ordinarily deferred until collateral review and a defendant no longer has to bring them on direct appeal where he has new counsel, the concerns in *Miranda* with judicial economy and efficiency remain valid. In the instant case, for example, most of appellant's claims, save the single sufficiency of the evidence issue, relate to trial counsel's stewardship. These claims were presented in appellant's PCRA petition, and there was an evidentiary hearing on the claims at which trial counsel testified. Consistent with *Grant*, the ineffectiveness claims are being raised on collateral review and therefore, as in *Bomar*, with a complete record, can be addressed when the collateral review remedy granted is reinstatement of direct appeal rights. Had the trial court addressed the claims in an opinion, there would be an adequate record for our review on this appeal. *Bomar*. As it is, in the absence of such an opinion, this court would be required to dismiss the claims without prejudice, to be re-raised in another PCRA petition. The obvious result is that *Grant* notwithstanding, this seems to be a waste of precious judicial time and resources, and a labyrinthine method of addressing such "hybrid" petitions alleging both appellate counsel ineffectiveness for failing to preserve the petitioner's direct appeal rights and claims of trial counsel ineffectiveness. Indeed, it is the sort of scenario *Miranda* was designed to avoid.

¶ 11 *Miranda* has been invoked by this court, even after our supreme court's decision in *Grant*. In *Commonwealth v. Miller*, 868 A.2d 578 (Pa.Super.2005), *appeal denied*, 584 Pa. 685, 881 A.2d 819 (2005), the PCRA court granted the appellant reinstatement of his direct appeal rights *nunc pro tunc*, and also proceeded to address the merits of his ineffectiveness of trial counsel claim, finding it without merit. This court in *Miller*, discussing the holding in *Miranda*, concluded that,

> Thus, a PCRA court may act as a factfinder and issue 'advisory' opinions that will aid in the ultimate disposition of the claims. *See Commonwealth v. Marinez*, 777 A.2d 1121, 1125 (Pa.Super.2001) (using the PCRA court's evidentiary hearing and credibility determinations as part of the record to decide the case on direct appeal). This function of the PCRA court is more valuable than ever to a PCRA petitioner since the Supreme Court's decision in [*Grant, supra* ].

*Id.* at 580–581.

¶ 12 After noting the general rule in *Grant* postponing review of ineffectiveness claims until collateral review, the court in *Miller* envisioned a scenario similar to the one we now face:

> In post-*Grant* practice, the following situation frequently arises: A PCRA petitioner seeks to have his or her direct appellate rights reinstated *nunc pro*

*tunc.* The request is granted. On direct appeal the appellant raises, perhaps exclusively, claims of ineffective assistance of counsel. Those claims are dismissed without prejudice to raise them in collateral review. The appellant must then file another PCRA petition before these claims are disposed of on their merits. This practice is undoubtedly frustrating for petitioners whose 'first' PCRA petition is successful, but who may not receive relief on some claims raised in that 'first' petition until they go through the motions and reach the PCRA stage again.

If, however, a PCRA court follows the procedure outlined above and creates a record on the additional ineffectiveness claims a petitioner raises in the PCRA petition requesting reinstatement of direct appellate rights, that petitioner may be able to obtain review of those claims in the direct appeal, if one is granted. The Supreme Court carved out an exception to *Grant* in *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003), permitting review of ineffectiveness claims on direct appeal where a sufficient record concerning the claims had been established. Thus, ineffectiveness claims that were developed in the PCRA court may be reviewed in the *nunc pro tunc* direct appeal, along with any other appealable claims the appellant chooses to raise.

*Id.* at 581.

¶ 13 In *Commonwealth v. Davis,* 894 A.2d 151 (Pa.Super.2006), *appeal denied,* 591 Pa. 680, 917 A.2d 312 (2007), we faced a scenario similar to the one described in *Miller.* In *Davis,* the defendant filed an amended PCRA petition seeking to reinstate his direct appeal rights and also raising two claims of ineffective assistance of trial counsel. The PCRA court reinstated Davis's direct appeal rights, *nunc pro tunc,* but did not address the remaining claims. *Id.* at 152. The PCRA court did not conduct an evidentiary hearing on the ineffectiveness claims, or develop an evidentiary record on the claims after reinstating Davis's direct appeal rights. *Id.* at 153.

¶ 14 We decided we were constrained to dismiss Davis's ineffectiveness claims without prejudice to raise them in a subsequent post-conviction petition, as there was an inadequate record, precisely the problem we seek to remedy today. *Id.* at 154. *Davis* referenced *Miller* but did not follow *Miller's* lead in requiring a *Miranda* analysis by the PCRA court.

 ¶ 15 Admittedly, one of the concerns expressed with the *Miranda* decision is that it directed courts, following reinstatement of appellate rights *nunc pro tunc,* to address any remaining claims of trial counsel ineffectiveness in what is basically an "advisory" opinion. We are aware of the general prohibition against the issuance of merely advisory opinions. *See, e.g., Erie Insurance Exchange v. Claypoole,* 449 Pa.Super. 142, 673 A.2d 348, 352 (1996) (*en banc*) (it is impermissible for courts to render purely advisory opinions) (citations omitted); *Pittsburgh Palisades Park, LLC v. Commonwealth of Pennsylvania,* 585 Pa. 196, 203, 888 A.2d 655, 659 (2005) (courts in this Commonwealth do not render decisions in the abstract or offer purely advisory opinions). However, this concern will be alleviated and specific findings on ineffectiveness claims made a part of the record on review if trial courts grant post-sentence motions *nunc pro tunc* along with reinstatement of direct appeal rights. Therefore, in line with our decision today, henceforth, if the PCRA court determines that, in fact, appellate counsel was ineffective for failing to file a requested direct appeal and reinstates the petitioner's direct appeal rights *nunc pro tunc,* the court shall also reinstate the petitioner's right to file post-

sentence motions or amended post-sentence motions *nunc pro tunc*. The petitioner can then raise whatever "other" claims of counsel ineffectiveness he/she wants to in post-sentence motions; the trial court can hold an evidentiary hearing, if warranted, perfect the record for review, and reach a final decision on the merits. In this way, the trial court's decision results in an appealable ruling, and the trial court will not be compelled to issue a merely "advisory" opinion. The record will also be complete so that this court may review the appellant's ineffectiveness claims on the ensuing direct appeal, consistent with *Bomar*. This practice will preserve valuable judicial time and resources, and save the appellant from having to file another, duplicative PCRA petition raising the identical claims later in the process.

¶ 16 In addition, this procedure will avoid the problem in *Davis*, in which this court could not remand to the PCRA court for an evidentiary hearing on the appellant's other ineffectiveness claims, where the matter was now before us on direct appeal from the judgment of sentence. We also note that some of the "other" ineffectiveness claims raised in the PCRA petition seeking reinstatement of appellate rights *nunc pro tunc* may be able to be reframed in post-sentence motions as a "direct" claim without the necessity of casting it in terms of trial counsel ineffectiveness, *e.g.*, a challenge to the weight of the evidence or discretionary aspects of sentencing. Of course, if the PCRA court decides counsel was *not* ineffective for failing to take an appeal and decides *against* reinstating the petitioner's direct appeal rights, the court will immediately review all of the petitioner's remaining PCRA claims, if any, and issue an appealable order.

¶ 17 Instantly, as discussed above, appellant's trial counsel ineffectiveness claims were raised and preserved in the court below, an evidentiary hearing was held at which trial counsel testified regarding the specific claims, and the court then granted appellant's request to reinstate his direct appeal rights *nunc pro tunc* without reaching the merits of the remaining claims. Consistent with this opinion, we will remand for the filing of post-sentence motions *nunc pro tunc*, in which appellant can raise the claims of trial counsel ineffectiveness set forth *supra*. The trial court will then consider the issues raised in appellant's post-sentence motions, including any claims of trial counsel ineffectiveness, and dispose of them on the merits. In this fashion, if appellant's motion for a new trial is denied, we will have an appealable decision and can review the claims on the subsequent direct appeal, if one is filed.

■ ¶ 18 We will briefly dispose of appellant's sufficiency issue, in which he argues that the undercover officer's testimony was uncorroborated by testimony from either the confidential informant or other officers. (Appellant's brief at 11.) Appellant recites his own trial testimony to the effect that he was a mere go-between and never directly engaged in any drug transactions.

¶ 19 Initially, we note that appellant's argument is undeveloped. Appellant does not even set forth the elements of the crimes charged, let alone argue which specific elements were not met. Other than setting forth the standard of review for sufficiency claims, appellant's argument is without citation to pertinent authority. As such, the claim is waived. *See, e.g., Commonwealth v. Murchinson*, 899 A.2d 1159, 1162–1163 (Pa.Super.2006) (sufficiency claims waived where appellant merely recited boilerplate law and then asserted the evidence adduced at trial fell short of such law); *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa.Super.1999), *appeal denied*, 560 Pa.

707, 743 A.2d 921 (1999) (where appellant failed to cite any relevant authority supporting her argument, it was waived); Pa. R.A.P. 2119(a).

¶ 20 At any rate, the undercover trooper's testimony, standing alone, was sufficient to make out the elements of each of the charges. Appellant's argument that the trooper's testimony was not credible because it was uncorroborated by other witnesses, goes to the weight of the evidence, not its sufficiency, and determinations of credibility are for the jury. "When conflicts and discrepancies arise, it is within the province of the jury to determine the weight to be given to each [witness's] testimony and to believe all, part or none of the evidence as [it] deem[s] appropriate." *Commonwealth v. Manchas*, 430 Pa.Super. 63, 633 A.2d 618, 622 (1993), *appeal denied*, 539 Pa. 647, 651 A.2d 535 (1994) (citation omitted).

¶ 21 Remanded with instructions. Jurisdiction relinquished.

¶ 22 GANTMAN, J. concurs in the result.