## Commonwealth v. Robinson

*Alina Andreoli, assistant district attorney,* for Commonwealth.

*Jeffrey A. Conrad,* for defendant.

ASHWORTH, *J.,* April 16, 2009—Wilbert Torillo Robinson has filed an amended motion for post-conviction collateral relief. For the reasons set forth below, the amended motion will be granted.

## I. PROCEDURAL BACKGROUND

By Information no. 5141-2005, Robinson was charged with five counts of robbery, one count of criminal con-

spiracy, and one count of aggravated assault.[1] Robinson was later charged at Information no. 1502-2006 with criminal conspiracy, and robbery.[2] These offenses occurred on August 15, 2005, and August 25, 2005.

Because Robinson was 17 years of age at the time these offenses were committed, Robinson filed a motion to transfer proceedings to juvenile court on November 11, 2006. A juvenile decertification hearing was held in this matter before the Honorable Michael J. Perezous on December 27, 2006. By opinion and order dated March 8, 2007, Judge Perezous denied the petition, and ordered that Robinson be tried as an adult on all charges.

Thereafter, Robinson's cases were consolidated, for purposes of trial, with his six co-conspirators. After numerous continuances by Robinson, his case was scheduled for trial for the May 2007 trial term, at which time the Commonwealth was prepared to proceed to trial.

Before a jury was selected, Robinson chose to enter an open plea on May 7, 2007. At that time, the court accepted Robinson's pleas, after determining that Robinson had knowingly, voluntarily, and intelligently chosen to plead guilty. Sentencing was deferred pending a presentence investigation report. Robinson was represented at his plea by court-appointed counsel, Paul Campbell, Esquire.

---

1. 18 Pa.C.S. §3701(a)(1), 18 Pa.C.S. §903, 18 Pa.C.S. §2702(a)(1), respectively.

2. 18 Pa.C.S. §3701(a)(1) and 18 Pa.C.S. §903, respectively.

On August 2, 2007, Robinson was sentenced on Information no. 5141 to an aggregate sentence of nine and a half to 19 years. On Information no. 1502-2006, appellant received a sentence of three to six years incarceration on the robbery charge and two to four years on the criminal conspiracy charge. The sentences on these charges were concurrent to each other but consecutive to the sentence at no. 5141. Thus, the aggregate effect of these sentences was 12 1/2 to 25 years. Robinson was represented by Attorney Campbell at this sentencing hearing.

On August 10, 2007, Robinson filed a timely motion to modify sentence claiming that the sentence imposed by the court (1) was "unjust and inequitable", (2) was disproportionate to the sentences imposed on two co-defendants by another court, and (3) failed to consider his individual achievements and mitigating circumstances of age, rehabilitative potential and limited involvement in the criminal episodes. On August 20, 2007, I entered an order denying Robinson's motion to modify and reduce sentence.

Robinson filed a direct appeal with the Superior Court of Pennsylvania on September 19, 2007, from his judgment of sentence entered on August 2, 2007, as finalized by the denial of Robinson's post-sentence motion by order dated August 20, 2007. Thereafter, Robinson was directed to identify the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and on October 10, 2007, he filed a Rule 1925(b) statement listing three issues. On October 16, 2007, I filed an opinion pursuant to Rule 1925(a) addressing each of the issues raised on appeal.

The Superior Court directed trial counsel, on behalf of Robinson, to file a brief in support of the appeal on or before December 12, 2007. On January 15, 2008, an order was issued by the Superior Court dismissing the appeal for trial counsel's failure to file a brief.

On November 19, 2008, Robinson filed a timely pro se motion for post-conviction collateral relief. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Jeffrey A. Conrad, Esquire, was appointed on December 11, 2008, to represent Robinson on his collateral claims. After receiving an extension, counsel filed an amended motion on March 30, 2009, in which he raised two issues: (1) whether trial counsel's failure to file a brief with the Pennsylvania Superior Court was per se ineffective assistance of counsel; and (2) whether trial counsel unlawfully induced Robinson to plead guilty to Counts 2 and 3 on Information no. 5141-2005.

## II. DISCUSSION

Initially, Robinson claims trial counsel's failure to file a brief with the Superior Court constituted per se ineffective assistance of counsel. I must agree. The Pennsylvania Constitution, in Article V, Section 9,[3] confers upon

---

3. The Pennsylvania Constitution Article V, Section 9 guarantees: "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be provided by law; and there shall be other such rights of appeal as may be provided by law."

a defendant the absolute right to a direct appeal to the Superior Court. *Commonwealth v. Wilkerson,* 490 Pa. 296, 299, 416 A.2d 477, 479 (1980). "It is well-settled that 'an accused who is deprived *entirely* of his right of direct appeal by counsel's failure to perfect an appeal is per se without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights.'" *Commonwealth v. Mikell,* 968 A.2d 779 (Pa. Super. 2009) (quoting *Commonwealth v. Johnson,* 889 A.2d 620, 622 (Pa. Super. 2005) (emphasis added)).

Where counsel fails to file an appellate brief, resulting in the dismissal of an appeal, counsel has effectively waived the constitutional right of the accused to a direct appeal, in the absence of an effective waiver by the accused. *Commonwealth v. Mosteller,* 430 Pa. Super. 57, 62-63, 633 A.2d 615, 618 (1993). In the instant case, it is undisputed that the Superior Court dismissed Robinson's direct appeal because of court-appointed counsel's failure to file a brief. "Appellant had a right to the zealous advocacy of competent counsel or the protections of formal withdrawal procedures. Here there was neither zealous advocacy nor a proper formal withdrawal." *Commonwealth v. Ciotto,* 382 Pa. Super. 458, 461, 555 A.2d 930, 931 (1989). Attorney Campbell simply abandoned Robinson's appeal and, by his inaction, allowed Robinson's constitutional right to an appeal to be waived. See *Wilkerson, supra.* The "role (of the) advocate requires that (counsel) support his client's appeal to the best of his ability." *Commonwealth v. Franklin,* 823 A.2d 906, 910 (Pa. Super. 2003) (quoting *Anders v. California,* 386 U.S. 738, 744 (1967)). This was clearly not done in this case as counsel's failure to file a brief denied Robinson

meaningful review of his appeal and, thus, constitutes per se ineffectiveness.

When, as here, a criminal defendant establishes that counsel's ineffective assistance denied him entirely his right to a direct appeal, he is entitled to a direct appeal nunc pro tunc without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal. *Ciotto, supra* at 461, 555 A.2d at 931 (citing *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977)). See also, *Commonwealth v. Hernandez,* 755 A.2d 1, 9 n.4 (Pa. Super. 2000).

Accordingly, I will grant Robinson post-conviction collateral relief and reinstate his direct appeal rights nunc pro tunc.

As for the remaining issue, that is, whether trial counsel unlawfully induced Robinson to plead guilty to Counts 2 and 3 on Information no. 5141-2005, we cannot address it in this proceeding. For as the Superior Court recognized in *Commonwealth v. Liston,* 941 A.2d 1279 (Pa. Super. 2008) (en banc), when a trial court addresses a petitioner's ineffectiveness claims after it has already granted him or her the right to file a direct appeal nunc pro tunc, it essentially offers an advisory opinion that is generally prohibited. *Id.* at 1284. The *Liston* court, however, proposed a new procedural requirement to address the situation where a PCRA petition requests the restoration of the petitioner's appellate rights nunc pro tunc, and raises other claims of trial counsel's ineffectiveness.

"[H]enceforth, if the PCRA court determines that, in fact, appellate counsel was ineffective for failing to file

a requested direct appeal and reinstates the petitioner's direct appeal rights nunc pro tunc, the court shall also reinstate the petitioner's right to file post-sentence motions or amended post-sentence motions nunc pro tunc. The petitioner can then raise whatever 'other' claims of counsel ineffectiveness he/she wants to in post-sentence motions; the trial court can hold an evidentiary hearing, if warranted, perfect the record for review, and reach a final decision on the merits. In this way, the trial court's decision results in an appealable ruling, and the trial court will not be compelled to issue a merely 'advisory' opinion. The record will also be complete so that [the Superior Court] may review the appellant's ineffectiveness claims on the ensuing direct appeal. . . . This practice will preserve valuable judicial time and resources, and save the appellant from having to file another, duplicative PCRA petition raising the identical claims later in the process." *Liston, supra* at 1284-85. See also, *Commonwealth v. Jones,* 960 A.2d 481, 486-87 (Pa. Super. 2008).

However, on October 31, 2008, the Pennsylvania Supreme Court granted the Commonwealth's petition for allowance of appeal in the *Liston* case.[4] See *Com-*

---

4. The appeal was granted limited to the following issues: (1) Did the Superior Court contradict *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), in purporting to create its own new exception to that case; (2) Did the Superior Court contradict *Commonwealth v. Reaves* 592 Pa. 134, 923 A.2d 1119 (2007) by holding that any PCRA petitioner entitled to a nunc pro tunc direct appeal is automatically entitled to nunc pro tunc post-sentence motions as well, without proving prejudice; and (3) Did the Superior Court usurp this court's exclusive authority to create procedural rules under Article V, Section 10(c)

*monwealth v. Liston,* 598 Pa. 638, 959 A.2d 1248 (2008). Accordingly, given the pending appeal before the Supreme Court, this court is not bound by the en banc decision of the Superior Court in *Liston.* We are bound by the appellate decisions of this Commonwealth prohibiting the issuance of advisory opinions. See *Pittsburgh Palisades Park LLC v. Commonwealth of Pennsylvania,* 585 Pa. 196, 203, 888 A.2d 655, 659 (2005) (courts in this Commonwealth do not render decisions in the abstract or offer purely advisory opinions); *Erie Insurance Exchange v. Claypoole,* 449 Pa. Super. 142, 150, 673 A.2d 348, 352 (1996) (it is impermissible for courts to render purely advisory opinions).

Thus, having found that Robinson is entitled to the reinstatement of his direct appeal rights nunc pro tunc, we decline to address the remaining ineffective assistance of counsel claim.

## III. CONCLUSION

Based upon the foregoing, Robinson's amended motion for post-conviction collateral relief will be granted, his direct appeal rights will be reinstated, and he will be permitted to appeal nunc pro tunc.

Accordingly, I enter the following:

---

of the state constitution? See *Liston,* 598 Pa. 638, 959 A.2d 1248 (2008).

## ORDER

And now, April 16, 2009, it is hereby ordered that Wilbert Torillo Robinson's amended motion for post-conviction collateral relief is granted. It is further ordered that Robinson's appeal rights shall be reinstated nunc pro tunc.

Attorney Jeffrey Conrad shall continue in his representation of Robinson through the appellate process.