J-S15017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NIJAH CARPENTER , | |
| Appellant | No. 1058 EDA 2015 |

Appeal from the PCRA Order of March 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004539-2010

BEFORE:  BENDER, P.J.E., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 02, 2016**

Appellant, Nijah Carpenter, appeals from the order entered on March 17, 2015, denying his first petition filed under the Post-Conviction Relief Act (PCRA).  We vacate in part and remand with instructions.

The PCRA court summarized the pertinent facts as follows:

Philadelphia Narcotics Strike Force Officer Gerald Passalacqua and his partner, Officer Brant Miles, saw Appellant . . . exchange a small black packet for money with a black male when they were conducting surveillance on the 1600 block of West Susquehanna Ave.  Shortly thereafter, the officers saw Appellant exchange another small black packet for money with Mr. Pickens.  Mr. Pickens was later apprehended by police and found to be in possession of a small black packet of crack-cocaine.

Appellant walked across the street, and while sitting down on the steps of a row home, a black firearm fell out of his waistband. Appellant was observed putting the firearm back into his waistband, and [O]fficer Passalacqua called back-up to arrest [Appellant].

*Retired Senior Judge assigned to the Superior Court.

> When Officers Aponte and McCarron arrived at the scene, Appellant fled, discarding his firearm and a bag of drugs. After a short foot pursuit the officers arrested [Appellant] and confiscated $34.00 on his person in small bills. The officers also recovered a clear plastic baggie that [Appellant] discarded containing eight small bags of crack-cocaine.

PCRA Court Opinion, 7/17/15, at 1-2.

On November 18, 2010, a jury convicted Appellant of possession of a controlled substance with the intent to deliver (PWID).[1] On May 13, 2011, the trial court sentenced Appellant to a term of two and one-half to five years of imprisonment, followed by a five-year probationary term. Appellant did not file a timely appeal. On October 17, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on July 8, 2013. The Commonwealth filed a motion to dismiss on January 27, 2014. On November 24, 2014, the PCRA court issued notice of intent to dismiss Appellant's amended petition without a hearing. Appellant did not file a response. By order entered March 17, 2015, the PCRA court dismissed Appellant's amended PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did the [PCRA] court err in failing to hold an evidentiary hearing to determine whether [t]rial [c]ounsel was ineffective for failing to file a direct appeal?

---

[1] 35 P.S. §780-113(a)(30).

2. Did the [PCRA] court err in failing to find that counsel was ineffective for failing to file a post-sentence motion?

Appellant's Brief at 8.

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Our Supreme Court has held that, "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" such that the requisite prejudice prong of the tripartite ineffective assistance is presumed. *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted). Here, in light of the witness certifications Appellant attached to his amended PCRA petition, the Commonwealth "does not oppose" a remand for an evidentiary hearing addressing Appellant's claim that he requested trial counsel to file an appeal and that trial counsel failed to do so. Commonwealth's Brief at 8. Thus, we remand for such a hearing.

Citing this Court's decision in *Commonwealth v. Liston*, 941 A.2d 1279 (Pa. Super. 2008), Appellant next contends that, "[a]ny order reinstating appellate rights in this matter should also reinstate the right to

- 3 -

file any post-sentence motion." Appellant's Brief at 16. Our Supreme Court reversed this Court's decision providing for automatic reinstatement of the right to file post-sentence motions when appellate rights are reinstated *nunc pro tunc*. **See generally Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009). Instead, pursuant to **Commonwealth v. Reaves**, 923 A.2d 1123, 1129 (Pa. 2007), a defendant must demonstrate prejudice with regard to an ineffectiveness claim involving the failure to file post-sentence motions.

With these principles in mind, we turn to Appellant's claim that trial counsel was ineffective in failing to file post-sentence motions. Counsel is presumed to be effective and Appellant has the burden of proving otherwise. **Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Id.** The petitioner bears the burden of proving all three prongs of the test. **Commonwealth v. Meadows**, 567 Pa. 344, 787 A.2d 312, 319-320 (2001).

**Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005).

Appellant asserts that he has "a substantial issue relating to whether the verdict was against the weight of the evidence." Appellant's Brief at 16. According to Appellant, at trial "there was confusion among the [Commonwealth's] own witnesses as to issues as significant as the identity

of the perpetrator and whether the narcotics introduced at trial were the same narcotics allegedly recovered from the perpetrator." *Id.* at 17. Specifically, Appellant identifies "inconsistencies in the testimony regarding the clothes that [he] was alleged to be wearing," as well as contradictory evidence indicating whether eight or nine black packets were confiscated from him. *Id.* at 9.

The PCRA court concluded that Appellant failed to meet his burden of proving ineffective assistance of counsel:

> The verdict does not shock one's sense of justice, nor does the evidence preponderate heavily against the verdict. The record and the evidence align with the verdict. The minor discrepancies in clothing and how many small black packets containing crack cocaine were inside the clear plastic baggie were topics explored in cross-examination. As such, the weight of those discrepancies were within the province of the finder of fact to reconcile. The jury was able to consider the different descriptions of Appellant's clothing as well as the drugs. They also were informed about the officer's [sic] experience in observing drug transactions.

PCRA Court Opinion, 7/17/15, at 4. We agree with the PCRA court's assessment that Appellant is not entitled to relief on his ineffectiveness claim involving counsel's failure to file a post-sentence motion challenging the weight of the evidence. *See Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (explaining that the determination of the weight of the evidence exclusively is within the province of the fact-finder, who may believe all, part, or none of the evidence). Thus, this aspect of Appellant's ineffectiveness claims fails.

In sum, although we affirm the PCRA court's determination that Appellant did not prove his claim of ineffectiveness regarding trial counsel's failure to file a post-sentence motion, we remand this case for an evidentiary hearing to address Appellant's assertion that trial counsel failed to file a requested appeal.

Order vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016